NO. 07-05-0039-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 9, 2005
_____

ALFREDO G. CHAVEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 93-417,638; HON. JIM BOB DARNELL, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

Alfredo G. Chavez (appellant) appeals the judgment revoking his probation. Via two issues, he contends the trial court erred in failing to grant his motion to suppress evidence. The evidence (his possession of cocaine) resulted in appellant being charged with a new offense, which then became the basis for the motion to revoke. We affirm the judgment.

### Background

Appellant was stopped by Trooper Smith for speeding and asked to present his driver's license and proof of insurance. Because appellant lacked proof of current

insurance, the trooper advised him that he was being cited for speeding and for failing to provide proof of insurance. The trooper also asked appellant to step out of the vehicle. With Smith was Trooper Brad Taylor (Taylor), and while Smith wrote out the citations Taylor called dispatch to determine if appellant was wanted under any outstanding warrants. Before receiving any response about the existence of outstanding warrants, the officers asked for and secured consent from appellant to search his person and automobile. While searching his person they discovered the cocaine in his pocket.

Appellant filed a motion to suppress which was denied by the trial court. Subsequently, appellant pled guilty and received a five-year prison sentence. Appellant, now, attacks the decision to deny his motion to suppress.

### *Law*

Whether the trial court erred in denying a motion to suppress depends upon whether it abused its discretion. *Rogers v. State*, 113 S.W.3d 452, 456 ( Tex. App.–San Antonio 2003, no pet.). Whether it abused its discretion depends upon whether, given the record before it and the applicable law, the decision fell outside the zone of reasonable disagreement. *Benitez v. State,* 5 S.W.3d 915, 918 (Tex. App.–Amarillo 1999, pet. ref'd)*.* Next, while questions of law are subject to unfettered *de novo* review, the same is not necessarily true with regard to mixed questions of law and fact. That is, the application of law to fact is a mixed question of law and fact. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Furthermore, when the resolution of the ultimate question turns on an evaluation of the credibility and demeanor of the witnesses, then we afford almost total deference to the manner in which the trial court applied the law to the facts before it. The same deference is afforded the trial court's determination of the historical facts involved.

2

*Id*. In all other situations, we review, *de novo*, the manner in which the law is applied. *Id*.

Next, authority holds that as part of a traffic stop, an officer may 1) require the detainee to identify himself and produce a valid driver's license and proof of insurance and 2) detain the individual for a period of time reasonably sufficient to check for outstanding warrants. *Kothe v. State*, 152 S.W.3d 54, 63-64 (Tex. Crim. App. 2004); *Strauss v. State*, 121 S.W.3d 486, 491 (Tex. App.–Amarillo 2003, pet. ref'd). So too may he ask the driver if he possesses illegal contraband and solicit voluntary consent to search the vehicle once the purpose of a traffic stop has been effectuated. *Strauss v. State,* 121 S.W.3d at 491; *James v. State*, 102 S.W. 3d 162, 172-73 (Tex. App.–Fort Worth 2003, pet. ref'd). Requesting such consent is not an unlawful seizure, and neither probable cause nor reasonable suspicion is required for the officer to ask. *James v. State*, 102 S.W.3d at 173. Nor must the officer tell the individual that he is free to leave after the purpose of the stop is completed. *Vargas v. State*, 18 S.W.3d 247, 252 n.1 (Tex. App.–Waco 2000, pet. ref'd).

### *Application of Law*

In his two issues, appellant contends that the "search . . . caused the detention to last longer than was necessary to effectuate the purpose of the initial stop," and because the detention was illegal, his consent was involuntary. We overrule both.

Regarding the request for consent to search, the record contains evidence illustrating that the troopers asked for it before or at the same time they received from the dispatcher the information regarding the existence of outstanding warrants. Moreover, the troopers were entitled to detain appellant until they received that information. Thus, we

view the situation as falling within the scope of *James* and *Strauss* and conclude that the trial judge was free to hold that the troopers did not improperly detain appellant.

As to the allegation that appellant's consent was involuntary, it is premised on the belief that his detention was impermissible. Having found that the trial court had reasonable basis to conclude that the detention was permissible, the foundation of appellant's argument is non-existent.

In sum, the trial court did not abuse its discretion in overruling the motion to suppress. Nor did it err in revoking his probation because he violated a term of his probation, *i.e.* forego committing new offenses. Consequently, we affirm the order revoking his probation.

Brian Quinn
Chief Justice

Do not publish.

4